UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
JUN 0 3 2013
David J. Bradley, Clerk of Court

| | |
|---|---|
| Byron Harper,<br>    Plaintiff,<br>-Vs.-<br><br>Charlotte Koehler,<br>Suzanne Hollifield,<br>    Peace Officer for HOUSTON<br>    POLICE DEPARTMENT<br>Belinda Smith,<br>    Assistant District Attorney of<br>    HARRIS COUNTY, TEXAS<br>Amy Demmler,<br>    Intern for HARRIS COUNTY,<br>    TEXAS, DISTRICT ATTORNEY'S<br>    OFFICE ANIMAL CRUELTY<br>    SECTION,<br>Judge Larry Standley,<br>    Judge for HARRIS COUNTY,<br>    TEXAS, CRIMINAL COURT NO.6,<br>Eugene Hong,<br>    Assistant District Attorney of<br>    HARRIS COUNTY, TEXAS.<br>    Defendants, | Case No.:<br><br>COMPLAINT<br>CONSTITUTIONAL VIOLATIONS<br>TITLE 42 1983, 1985, & 1986<br>DENIAL OF DUE PROCESS<br>INTENTIONAL INFLICTION OF<br>EMOTIONAL DISTRESS<br>CONSPIRACY<br><br><br>**(JURY TRIAL DEMANDED)**<br><br><br>**H-13-1633** |

All defendants are sued in their corporate,
legal, fiduciary, official, and personal capacities.

---

## JURISDICTION AND VENUE

1.    Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, 1343(a) (civil rights and elective franchise), and 1367(a) (supplemental jurisdiction): 42 U.S.C. §§ 1983 (civil action for deprivation of rights), 1985(3) (conspiracy to interfere civil rights), 1986, and 1988 (proceedings in vindication of civil rights); and 18 U.S.C. §§ 1341, 1511; 1961 (and statutes cited therein) through 1967.

2.    Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 1 and arises under the doctrine of pendent jurisdiction as set forth in ***United Mine Workers v. Gibbs, 383 U.S. 715 (1966).***

3.    Petitioner is addressing grievances according to the 1st Amendment of the United States Constitution.

## CAUSE OF ACTION

The cause of action was caused by a fraudulent affidavit filed on May 25, 2012. This documentation was signed by Amy Demmler an intern in the Harris County District Attorney's Animal Cruelty Section. Which states affiant reviewed a report prepared by Suzanne Hollifield a peace officer reputably employed by the Houston Police Department. This documentation states that affiant believes that on April 9, 2012, Byron Harper committed the offense of Animal cruelty. This is all made by contact of reportee Charlotte Koehler a non witness with no facts providing this incident ever occurred. On April 24, 2012 Officer Suzanne Hollifield did a follow up investigation regarding the welfare of the dog. Which is fifteen (15) days later after the so called event occurred. Yet, at no time has Affiant provided any evidence of the facts of the matter. ***See Exhibit A*** That which has taken place, not what might or might not have taken place. ***Churchhill v. Meade, 92 Or. 626, 182, P. 368, 371.*** "Facts" to which Supreme Court is limited to quash Court of appeals; decision for conflict comprise record before Court of Appeals evidence, documentary and oral, and instructions and pleadings. ***State ex rel. Horspool v. Hald, 28 Mo. 327, 40 S.W. 2d 611, 613*** Which is an actual happening in time or space or an event or circumstance; an actual occurrence. An actual happening in time or space or an event mental or physical. ***Fowler Curtis Co. vs. Dean, 203 App.Div. 317, 196 N.Y.S. 750, 754.***

## COUNTS AND CHARGES

    (1) Violation of 42 U.S.C.§1983,
    (2) Violation of 42 U.S.C. §1983 and 1985(3): conspiracy,
    (3) Violation of 42 U.S.C. §1983: refusing or neglecting to prevent
    (4) Malicious abuse of process,
    (5) Title 18 U.S.C. Section 241 and 242 conspiracy,
    (6) Intentional infliction of emotional distress,
    (7) Mail Fraud

## COUNT 1: <u>VIOLATION OF 42 U.S.C. § 1983</u>

1. At all times relevant herein, the conduct of all Defendants are subject to U.S.C. §§1983, 1985, 1986, and 1988.

2. Acting under the color of law, Defendants conspired to deny Byron Harper rights privileges, and immunities secured by the United States Constitution of by Federal Law.

3. Defendants conspired for the purpose of impeding and hindering the due course of justice, with the intent to deny Byron Harper equal protection of laws. ***Johnson v. Zerbst, 304 U.S. 458, 58 S Ct. 1019.***

WHEREFORE, Byron Harper demands judgment for violation of 42 U.S.C. 1983 against Defendants in his/her Official capacity, for actual damages in the amount of $100,000.00 and further demands judgment against each said Defendant jointly and severally, punitive damages in the amount of $10,000, plus the costs of this action, and such other relief deemed to be just and equitable. Punitive damages are recoverable in §1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reck-less or callous indifference to plaintiff's federally protected rights. ***<u>Smith v. Wade,</u>** 461 U.S. 30, 50-51(1983)*

## COUNT 2: <u>42 U.S.C. § 1983 and 1985 (2) (3) CONSPIRACY,</u>

1. At all times relevant, the conduct of all Defendant's was subject to U.S.C. § 1983 and 1985. Defendants have constantly obstructed justice according to law.

2. Obstructing justice; intimidating party, witness, or juror clearly justice was obstructed through conspiracy.

3. Plaintiff was deprived of rights and privileges. Two or more persons did conspire to go in disguise depriving, then Defendant of a fair court proceeding and equal protection of the law. Giving Plaintiff an action for the recovery of damages

occasioned by such injury or deprivation, any one or more of the conspirators. Defendants are guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (a) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (b) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. Crime of conspiracy is distinct from the crime contemplated by the conspiracy (target crime), ***Com. v. Dyer 243 Mass. 472, 509, 138 N.E. 296, 314*** Members need not know all the details of the plan or the operations; he must, however, know the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose. ***Craig v. U.S., C.C.A.Cal., 81 F.2d 816, 822.***

WHEREFORE, Byron Harper demands judgment for violation of 42 U.S.C. 1985 against all Defendants in his/her Official capacity, for actual, general, special, compensatory damages in the amount of $100,000 and further demands judgment against each said Plaintiff's jointly and severally, punitive damages in the amount of $10,000, plus the costs of this action, and such other relief deemed to be just and equitable. Punitive damages are recoverable in §1985 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights.

### COUNT 3: <u>VIOLATION OF 42 U.S.C. §1983: REFUSING OR NEGLECTING TO PREVENT</u>

1. At all times relevant to this complaint Defendants conspired to violate the rights, privileges, and immunities guaranteed to Petitioner by the Constitution and laws of the United States and the laws of the State of Texas.

2. Otherwise depriving then defendant of his constitutional and statutory rights, privileges, and immunities.

3. At all times relevant to the matter, defendants neglected to prevent an injury to Petitioner, knowing that they possessed no order to hinder, and impede on Petitioners rights.

4. Also not having sufficient evidence to proceed with any court procedure against Petitioner.

5. At no time did the Officials have any facts to proceed with the charges.

WHEREFORE, Byron Harper demands judgment against all Defendants for actual, general, damages in the amount of $100,000 and further demands judgment against said Officials in their personal capacity $10,000.

## COUNT 4: MALICIOUS ABUSE OF PROCESS

The Defendants in this action alleges that the Defendants are liable for abuse of process. There are two basic elements necessary to sustain the cause of action of abuse of process. They are (1) that the Defendants made an improper, illegal and perverted use of the legal procedure, that is to say, his/her resort to the legal process was neither warranted nor authorized by law, and (2) that Defendants had an ulterior motive in initiating the legal process. In other words, abuse of process is the misuse or misapplication of the legal procedure in a manner not contemplated by law. Officials have intentionally, maliciously abused the legal process to damage Plaintiff. Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently, in an action for abuse of process it is unnecessary for defendant to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause. It is often said that proof of "malice" is required;

but it seems well settled that, except on the issue of punitive damages, this does not mean spite or ill will, or anything other than the improper purpose itself for which the process is used, and that even a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created. The elements necessary to sustain that claims are the use of process in a manner improper in the regular conduct of the proceeding and the existence of an ulterior motive. ***Nadeau v. State*, 395 A. 2d 107, 117 (Me.1978)** Malicious prosecution is the common ingredient of an improper purpose, i.e., using court proceedings primarily to gain a private advantage, because of hostility and ill will, and without belief by the accuser in the guilt of the accused. Defendants maliciously used the "legal abuse of process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed. ***Caroll v. Gillispie*, 14 Mass. App. Ct. 12, 26 (1982)**. Defendants knew that they did have sufficient evidence to file the charges. The Plaintiff was never prosecuted in the proper manner. This provided fraudulent charges against Petitioner.

WHEREFORE, Byron Harper demands judgment against all Defendants for actual, general, damages in the amount of $100,000 and further demands judgment against said Officials in their personal capacity $10,000.00.

### COUNT 5: TITLE 18 241 & 242 Conspiracy

All Defendants have conspired to deprive Plaintiff of his Constitutional rights. A private party maybe considered to have acted under color of state law, however, when he engages in a conspiracy or acts in concert with state agents to deprive a Defendant of his constitutional rights. ***Tower v. Glover*, 467 U.S. 914, 920 (1984); *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir.1983)**. Counties may be liable for damages arising from civil rights violations if the alleged deprivation of rights resulted from an official policy, practice, or custom. ***Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978)**.

WHEREFORE, Byron Harper demands judgment against all Defendants for actual,

general, damages in the amount of $100,000.00 and further demands judgment against said Officials in their personal capacity $10,000.00.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Officials acted intentionally or recklessly; and

2. Official's conduct was extreme and outrageous; and

3. Official's acts are the cause of the distress; and

4. Byron Harper suffers severe emotional distress as a result of Officials conduct.

Some general factors that will persuade that the conduct was extreme and outrageous: (1) There was a pattern of conduct, not just an isolated incident; (2) the plaintiff was vulnerable and the defendants knew it; (3) the defendants were in a position of power; (4) Defendants intentionally maliciously, harassed, defamed, and emotionally distress Plaintiff.

**_Hustler Magazine v. Falwell_** *485 U.S. 46 (1988)* Extending standard to intentional infliction of emotional distress. A person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by providing false information, causes such restraint to be imposed. "Extreme and outrageous conduct is not required if the emotional distress resulted from the commission of another tort. **_American Velodur Metal, Inc. v. Schinabek._** *20 Mass. App. Ct. 460, 470-471 (1985).*

WHEREFORE, Byron Harper demands judgment against Defendants for actual, general, damages in the amount of $100,000.00 and further demands judgment against said Officials in their personal capacity $10,000.00.

## COUNT 7: MAIL FRAUD

Defendants intentionally sent correspondence via U.S. Mail to Petitioner, when they fraudulently sent mail pertaining to a null and void case. The use of the mails to defraud is a federal offense requiring the government to prove a knowing use of the mails to execute the

fraudulent scheme. ***U.S. Dondich (C.A.Cal.), 506 F.2d 1009***. Elements of "mail fraud" are a scheme to defraud and the mailing of a letter for the purpose of executing the scheme. ***U.S. v. Scoblick, D.C.Pa., 124 F. Supp. 881, 887. See 18 U.S.C.A. §§1341, 1342*** See using mail to defraud.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, general, damages in the amount of $100,000 and further demands judgment against said Officials in their personal capacity $10,000.

## FACTS

Defendants have violated Title 18 U.S.C. 241, 242, Obstructing of Justice. This is a violation of a Federal statute which is cognizable when the violation trammels a right secured by federal law.

Upon the preponderance of the evidence, facts, and exhibits a reasonable mind can determine a conspiracy against Byron Harper's rights. All of the Defendants are the "moving force" behind Byron Harper's deprivations <u>***Monell***</u>, ***436 U.S. at 694.*** State Officials and Police Officers take an Oath of Office to uphold and protect the U.S. Constitution. Thereby definition federal, government, and State Officials, are to obey the U.S. Constitution, and statutes. To say otherwise, would leave out Defendants as having no responsibility to the Constitution and having no access to a Court for redress of grievances to hear violations of Plaintiff's Constitutional rights. Byron Harper has a right to expect that government and court officials would do their duty to protect me and my property. Instead, the Defendants engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense". <u>***Collins v. City of Harker Heights, Texas***</u>, ***503 U.S. 115, 128 (1992);*** <u>***Rymer v. Douglas County***</u>, ***764 F..2d 796, 801 (11th Cir. 1985).*** In addition to providing a remedy for deprivations of constitutional rights, section 1983 also makes actionable violations of federal "Laws." <u>***Maine v. Thiboutot***</u>, ***448 U.S. (1980).***

### All of the Officials are not entitled to Official Immunity
### For the following reasons and other issues

The actions of the Defendants violated clearly established Constitutional rights which a reasonable person would have known and recognized. The Defendants took the described actions with the malicious intent to cause injury to Plaintiff. State Official lacked jurisdiction to file a complaint. All of the Officials aided and abetted in a conspiracy to commit larceny. The issue is presented is thus clearly drawn. As preliminary matter let us consider two well-established legal doctrines pertinent in this case. First the corporation is liable for the tort of its agent when committed with the scope of the agent's authority and course of employment even though it did not authorize or ratify the tortuous acts. **Russell v. American Rock Crusher Co.**, 181, 894, 317 **P.2d 847 (1957).** A related rule of law states a principal is responsible for the torts of its agent where the tortuous acts are incidental to and in furtherance of the principal's business, even though outside the scope of the agent's authority. *Williams v. Community Drive-In Theater, Inc., 214 Kan. 359, 520 P.2d 1296(1974).* Second punitive damages are appropriate when the elements of fraud, malice, gross negligence or oppression accompany the wrongful act. Such damages are awarded to punish the wrongdoer for his malicious, vindictive, willful or wanton invasion of the injured person's rights. They also serve as an example to restrain and deter others from the commission of such wrongs. *Augusta Bank & Trust v. Broomfield, 231 Kan. 52, 63, 643 P.2d 100(1982); Newton v. Hornblower, Inc. 224 Kan. 506, 525, 582 P.2d 1136 (1978).*

If the servant has committed a tort within the scope of his employment so as to render the Corporation liable for compensatory damages, and if the servant's act is such as to render him liable for punitive damages. *Stroud v. Denny's Restaurant, 271 Or. 430, 435, 532 P.2d 790 (1975).* For Mens Rea it is necessary to prove that the purpose of the conspirators was to cause the victim economic loss" (per Lord Diplock vs. Scott) for the test of Dishonesty, see **R v Ghosh (1982) 2 All ER**

## DAMAGES

As a direct and proximate result of the Officials conduct, Byron Harper has continued to suffer, physical and mental anguish and psychological and emotional distress, as well as injury to reputation and humiliation, and irreparable harm. Compensatory, punitive, exemplary, and financial damages are true and correct.

Because the Constitution does not directly provide for damages, Byron Harper must proceed under one of the civil rights statutes that authorizes and award of damages, for alleged constitutional violations. *F.3d 1296 (6th Sanders v. Prentice-Hall Corp. Sys. 178 Cir. 1999).* Pleadings in this case are being held in Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. *Haines v. Kerner* **92 Sct 594, also See Power 914 F.2d 1459 (11th Cir 1990)**

**WHEREFORE,** Plaintiff demand judgment against the Defendants For exceeding the Court's jurisdiction amount to be determined as well as the costs of pursuing this action. At all times defendants knew or should have known that they were acting in concert to violate clearly established law. *Catz v. Chalker,* **142 F.3d 279, 293 (6th Cir. 1998);** *see Tropf v. Fidelity National Title Insurance Co.,* **142 F.3d, 293 (6th Cir. 2002)** If by your dishonor you fail to state a claim by which relief can be granted. Your acquiesance equates to agreement of fraud and cause of injury to Plaintiff. Upon your acquiesance you agree to clear the record of the subject matter case, and close and settle the case. The prayer amount for the injury caused to Petitioner is 4.2 Million in U.S. Currency.

Respectfully submitted,

*Byron Harper*
Byron Harper
701 South San Jacinto Ste. 149

Houston, Texas 77052

THE STATE OF TEXAS
VS.

**BYRON SHAWN HARPER**
2511 SALTUS
HOUSTON, TEXAS

SPN: 02620766
DOB: BM 05/03/69
DATE PREPARED: 05/25/12

LOG NUMBER: 1859287
CJIS TRACKING NO.:
BY: JN DA NO: 001676101
AGENCY: HPD
O/R NO: 051575012
ARREST DATE: **TO BE**

NCIC CODE: 5300 07              RELATED CASES:

MISDEMEANOR CHARGE: **Cruelty to non-livestock animals**
CAUSE NO: 1829878                                                    BAIL: $1,000
                                                                     PRIOR CAUSE NO:
HARRIS COUNTY CRIMINAL COURT AT LAW NO: 6
FIRST SETTING DATE: TO BE

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris Attorney, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **BYRON SHAWN HARPER**, hereafter styled the Defendant, heretofore on or about **APRIL 9, 2012**, did then and there unlawfully intentionally, knowingly without the effective consent of animal's owner, cause bodily injury to the animal namely, a **BLACK DOG**, by **REPEATEDLY STRIKING THE DOG FOR A PROLONGED PERIOD OF TIME CAUSING PHYSICAL PAIN**, and the Defendant's conduct was not a generally accepted and lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping; wildlife management, wildlife control, depredation control, or shooting preserve practices as regulated by state and federal law; or animal husbandry or agriculture practice involving livestock animals.

Probable Cause

Affiant, Amy Demmler, is an intern in the Harris County District Attorney's Office Animal Cruelty Section. Affiant reviewed a report prepared by Suzanne Hollifield, a peace officer reputably employed by the Houston Police Department. Based on this report, Affiant believes and has reason to believe that on April 9, 2012, the Defendant, Byron Shawn Harper, committed the offense of Animal Cruelty by causing bodily injury to an animal without the owner's effective consent. Affiant bases her belief on the following facts:

On April 24, 2012, Officer Suzanne Hollifield conducted a follow up investigation regarding a complaint of animal cruelty at a residence located at 2509 Saltus in Harris County, Texas. Officer Hollifield made contact with the reportee, Charlotte Koehler, who stated that on April 9, 2012, she called HPD to report that a black male with a goatee was abusing a dog. Reportee Koehler stated that she was in her backyard and the incident occurred in a neighboring backyard. The reportee stated that she observed the black male strike the dog repeatedly with his hands and then threw the dog on the ground two or three times. The reportee further stated that she observed the black male walk away from the dog and return with a rake and he hit the dog with a rake. The reportee also stated that the male hit the dog with a sock which was filled with something. The reportee stated the beating continued for approximately an hour and that she believed that the dog felt pain because it was screeching, yelping, growling and crying during the beating. The reportee's boyfriend, Christopher Cato, also witnessed part of the beating and corroborated the reportee's allegations. The reportee called HPD but by the time HPD arrived, the male had stopped beating the dog. The male stayed inside his house with the lights off and wouldn't come out so, the police left.

On April 24, 2012, Officer Hollifield went to the residence to conduct a follow up investigation regarding the welfare of the dog. At the residence, Officer Hollifield made contact with the owner of the dog and a black male with the goatee. The owner stated that she was paying the black male, Byron Harper, to care for her dog. The owner further stated that she didn't know if the dog had been hit, thrown or kicked by any person and that she didn't consent to such actions. The black male stated that he started watching the dog on April 5, 2012 and that he fed the dog once and the dog lunged at him when he tried to feed it so he swung at the dog with his hat. Officer Hollifield identified the black male by his TDL and subsequently made a photo array. Reportee Koehler positively identified the Defendant from the photo array.

Officer Hollifield noted that the dog was tied up to a chain link fence and the chain was so short that it did not allow the dog to lie down. The officer observed that the dog was very thin and surrounded by feces. The officer further noted that the dog couldn't walk and dragged itself on the ground. The owner told Officer Hollifield that the dog's legs were broken when a car hit him on September 25, 2010 and this information was later verified by Officer Hollifield with the vet who treated the dog at that time. The owner voluntarily decided to relinquish the dog to BARC because she was homeless and didn't have the money to care for the dog.

Based on the foregoing facts, Affiant believes that on April 9, 2012, the Defendant, Byron Shawn Harper, without the owner's effective consent caused bodily injury to the dog.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on 5/25/2012

_____
AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

MAY 29 2012

Probable Cause found _____. Capias to issue _____
                    Date                                    Magistrate, Harris County, Texas

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

COMPLAINT  JUDGE LARRY STANDLEY

Certified Document Number: 52349417 - Page 1 of 1

Exhibit A page 5 of 5



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this April 2, 2013

Certified Document Number:     52349417

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

## AFFIDAVIT OF THE FACTS

State of      )
              ) : ss
County        )

## NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
## NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

**"In deed, no more than (affidavit) is necessary to make the prima facie case."** United States v. Kis, 658 F.2nd, and 526 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.L.W. March 22, 1982.

Affiant being of sound mind and over the age of twenty-one being first duly affirmed under the penalty of perjury. Certify on unlimited commercial liability that, the contents are of affiant's own firsthand knowledge. Affiant does solemnly affirm, depose say and declare; that affiant has personal knowledge and belief of the facts stated herein. That affiant is competent to state the matter set forth herein; that affiant has personal knowledge and belief of the facts stated herein; and all facts stated herein are true, correct, and complete, nor misleading, the truth, the whole truth, and noting but the truth.

1) Affiant states no evidence was ever presented for proof.
2) Affiant states that Charlotte Koehler was to far away and had too many objects obstructing her view to actually see what really happened.
3) Affiant states that Affiant was attacked by the dog.
4) Affiant states that Affiant did not hit, throw, kick, or harm the dog.
5) Affiant states that Affiant was not paid by Carmen Sims to care for her dog.
6) Affiant states that Carmen Sims fed her dog daily sometimes twice a day.
7) Affiant states that Carmen Sims removed her dog from the property several times between April 9, 2012 thru April 24, 2012 and kept him overnight.
8) Affiant states that Affiant did not tie dog to chain link fence.
9) Affiant states that Affiant did not strike the dog with hands, agricultural tool, or a sock.

_____ Autograph

## ACKNOWLEDGEMENT

State of  Texas          )
                         ) Scilicet
County  Harris           )

SUBSCRIBED TO AND AFFIRMED before me this 3rd day of June A.D. _____ 2013.

A Notary, That  Byron S. Harper                , personally appeared and known to me to be. The named subscribed to the within instrument and acknowledge to be the same.

_____ Seal;

ANJETTA RENAE KING
Notary Public, State of Texas
My Commission Expires
February 27, 2016

Notary Public in and for said State My commission expires;  2/27/2016